UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CV-00-PT-3117-S |
| SHIRLEY E. TUNNER, ) | |
| Defendant. ) | |

ENTERED
MAR 6 2001

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiff United States of America's ("the plaintiff") Motion for Summary Judgment, filed on January 23, 2001.

### FACTS

The plaintiff filed this action to recover $6,423.33 plus interest from defendant Shirley Tunner ("the defendant"), the recipient of a private student loan that had been guaranteed by the plaintiff. The plaintiff has attached to its complaint a sworn Certificate of Indebtedness. The certificate states that, on November 1, 1989, the defendant executed a promissory note to secure a student loan that was issued under a loan guarantee program authorized by the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq.* ("HEA"). After default, the loan was assigned to the plaintiff. The plaintiff has demanded repayment of the loan, but claims that the defendant has consistently refused to pay.

### SUMMARY JUDGMENT STANDARD

A motion for summary judgment is to be granted if there is no genuine issue of material

fact. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The evidence of the non-moving party is to be believed, and the court is not to attempt to perform jury functions such as credibility determinations. Id. After considering everything in the record, all permissible inferences are to be drawn in favor of the non-moving party. Clinkscales v. Chevron USA, Inc., 831 F.2d 1565, 1570 (11th Cir. 1987).

When the non-moving party has the burden of proof at trial, it must come forward with sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). Summary judgment is appropriate if on any element there would be insufficient evidence to require submission of the case to a jury. Earley, 907 F.2d at 1080. "The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such circumstances, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 327 106 S. Ct. 2548, 2555 (1986).

## ARGUMENT

The plaintiff argues that the Certificate of Indebtedness and the complaint establish a lack of a genuine issue of material fact and that it should be given summary judgment as a matter of law. The defendant, proceeding pro se, pled the statute of limitations in her answer. The

plaintiff argues that the statute of limitations is inapplicable because a 1991 amendment to section 484A of the HEA, found at 20 U.S.C. § 1091a(a), eliminates any statutes of limitations that had previously applied to actions to collect any unpaid portions of HEA-financed student loans. The amendment allows the government to bring an action to collect defaulted loans without regard to any federal or state statutes of limitations. § 1091a(a)(1). The effective date provision of the amendment expressly includes all pending actions to collect student loans, including loans made prior to the effective date of the pre-amended version of section 484A. Pub. L. No. 102-26, § 3(c), *as amended by* Pub. L. No. 102-325, § 1551. The plaintiff cites to U.S. v. Glockson for the proposition that the amendment allows the government to collect HEA-financed loans that were otherwise time-barred under previously applicable statutes of limitations. 998 F.2d 896 (11th Cir. 1993)(pursuant to 20 U.S.C. § 1091a(a), action to collect defaulted student loan not time-barred where filed on December 17, 1991, thirteen years after promissory note executed on March 10, 1977).

The court notes that the defendant has not responded to the plaintiff's motion.

## CONCLUSION

The plaintiff's motion will be grated. It may submit a proposed judgment.

This _6th_ day of March 2000,

*[signature]*
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

3